LOUIS T. BRYANT, COMMISSIONER, &c., PLAINTIFF AND APPELLANT, v. GEORGE MANDEL, DEFENDANT AND APPELLEE.

Argued November 6, 1906—Decided February 25, 1907.

It is no defence, in an action to recover a penalty under the act approved March 24th, 1904, which makes it unlawful to employ a child under fourteen years of age in any place where the manufacture of goods of any kind is carried on, to prove that before employing a native-born child under such age an affidavit of a parent of such child was first filed with the employer setting forth that such child was above such age. To make the affidavit provided for by the statute available in justification of such employment, it must be accompanied by the certificate or certificates required by the statute, and to make out a defence, it must also be proven that correct copies of all "papers, certificates, passports and affidavits so filed relating to such employment were mailed,

postage prepaid, to the department having charge of the enforcement of the said act within twenty-four hours after the same were filed with the person so employing such child.

---

On appeal from the Hoboken District Court.

Before Justices Fort, Pitney and Reed.

For the appellant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

Fort, J. This suit is brought to recover a penalty for a violation of the provisions of "An act regulating the age, employment, safety, health and work hours of persons, employes and operatives in factories, workshops, mills, and all places where the manufacture of goods of any kind is carried on, and to establish a department for the enforcement thereof," approved March 24th, 1904. *Pamph. L., p.* 152.

· The first section of this act provides that no child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on, and any corporation, firm, individual, parents or custodian of any child who shall violate any of the provisions of this act shall be liable to a penalty of $50 for each offence.

On the trial of this cause it was proven that the defendant had employed in his factory one Frederic Gardo, a child under the age of fourteen years.

On plaintiff's case, and against his objection, the defendant was allowed to put in evidence the following affidavit, made by Eugenia Gardo, the mother of the said Frederic Gardo:

"State of New Jersey, ⎱
 "County of Hudson. ⎰ ss.

"Eugenia Gardo, being duly sworn, upon oath says that Frederic Gardo, who resides at No. 212 Boulevard street, in the city or town of West Hoboken, in the county Hudson, was born in the city of Jersey City, in the county of Hudson

and State of New Jersey, on the 23d day of August, in the
year 1891; that the father of said boy was John Gardo, and
that the maiden name of his mother was Eugenia Gromest;
that the said boy attends the church known as Saint Michaels,
situate at West Hoboken, and was baptized in the church or
parish of Saint Josephs at the age of June 25th, 1893, situate
in the city or town of West Hoboken, in the county of Hudson
and State of New Jersey; that he last attended the school
known as Saint Michaels, in the city or town of West Ho-
boken, in the county of Hudson, in the State of New Jersey.
                                        "EUGENIA GARDO.

"Sworn and subscribed before me this ———— day of
————, A. D. ———."

And it was shown that such affidavit was in the possession
of the defendant in his factory, and was so in his possession
at the time he employed the said Frederic Gardo.

The third section of the statute above referred to provides
that if, at the time of the employment of the child, when the
child is native-born, an affidavit, made by a parent of the
child before some officer authorized by law to take affidavits,
setting forth the name of the child, his residence and street
number; place where and year and month when born; name
of father; maiden name of mother; church attended, if any;
school last attended, and when, if any, and where the church
and school are situated; if the child was baptized; name and
location of the church or parish in which such baptism took
place, and, in addition thereto, there shall accompany such
affidavit a transcript of the record of the child's birth, duly
attested by an officer having by law authority to keep records
of births in the state, county, town or city in which the child
was born, that such affidavit and certificate shall be conclu-
sive evidence of the age of the child in any suit against an
employer for violation of section 1 of the act. But there is a
proviso to the act, as follows: "*provided, however,* that cor-
rect copies of all papers, certificates, passports and affidavits
relating to such employment shall be mailed, postage pre-

paid, to the department having charge of the enforcement of this act at Trenton, New Jersey, within twenty-four hours after the same are filed, together with a statement of the legal name of the person, firm or corporation employing such child."

There was no proof in the case that correct copies of the affidavit and certificate above referred to were mailed as required by this proviso, and there was no claim or pretence that the same had been done.

The affidavit, therefore, was for two reasons not a defence to the action, and did not, therefore, justify the nonsuit. *First,* because there was not shown to have been any transcript of the record of the child's birth, which accompanied the affidavit in evidence, when it was filed with the defendant, or *second,* because there was no proof of the mailing of copies of the affidavit and other papers as filed with the defendant, as required by the statute.

Under the proof in the case, when the nonsuit was granted, the plaintiff's right to recover the penalty was clear.

The judgment of nonsuit is set aside, with directions that the case be remitted to the District Court for a new trial.